## Case No. 4,647.

### In re FARISH.

[2 N. B. R. 168 (Quarto, 62).][1]

District Court, D. North Carolina. Sept. 30, 1868.

BROOKS, District Judge. The question certified in this cause by Mr. Register Shaffer is: Is the bankrupt entitled to the homestead provided for by the act of assembly of North Carolina passed at the sessions of 1858–59, as an exemption—when the bankrupt has not filed his petition, nor had the property laid off to him according to the provisions of said act? I have no doubt as to the answer I must make to the question certified. The bankrupt is not entitled to the exemption of the homestead claimed by him. The language used in the fourteenth section of the bankrupt act is much more clear—less doubtful as to its meaning than that employed in many other sections of the act. The first part of this section, being the forty-sixth general clause of the act, makes a clear provision in regard to the character of the title which passes to the assignee in the bankrupt's property by the assignments, and as clearly provides that it shall embrace all his property, real and personal, except as thereinafter provided.

Now, do the exceptions provided for in the same section, forty-seventh general clause, embrace a homestead, under the circumstances of this case? I think it does not, and I am very clear of doubt in that opinion. It is by virtue of the latter part of the general clause last referred to, that this exemption is saved to the bankrupt, as he contends. That simply provides, that in addition to such exemptions as had been previously provided for, there should be exempted and excluded from the operations of the law, all such property as was exempted to a debtor, and not liable to execution, according to the provisions of the laws of the state, in force in 1864, in which the bankrupt resided. Now, if any creditor of this bankrupt, previous to his bankruptcy, had warranted or sued him, obtained his judgments and his executions, could not such creditor have levied upon and sold all the title of the defendants in such execution in the lands now claimed to be exempted as a homestead? If no other property could be found, would not the officer having such executions in hand have been bound to levy upon the homestead, and if he had failed to do so, would he not have been responsible to the creditor? I think he would. The act of 1858–59 provides that debtors may petition to court, have commissioners appointed, that such commissioners, after being sworn, shall examine the lands in which the reservation is desired, that they shall report, and that such report shall be recorded, and

---

[1] [Reprinted by permission.]

that the lands so valued and reported shall, after the proceedings have been registered, not be subject to be sold by creditors whose debts have been thereafter contracted. It follows, that for any debt contracted at any time prior to the conforming on the part of the debtor to all the requirements of that act, the homestead is not relieved, and if the debtor does not at any time comply with its provisions, as in this case, there can be no debts of his from which the homestead is relieved.

The objection taken by Mr. Jackson, counsel for the bankrupt, that the exceptions to the report of the assignee were not taken in apt time, cannot be sustained.

The question in this case is not whether too much or not enough has been assigned the bankrupt by the assignee, but whether, under the law, this property could be embraced in the list of exemptions, or whether the title of the same did not, by force of the law and the assignment, pass to the assignee, for the uses and purposes declared in the act. I think that all the title held by the bankrupt at the time of filing his petition did not pass to the assignee, and that the last named officer must now sell the same, and hold the proceeds to be distributed under the law.